**Opinion filed April 19, 2018**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00222-CR

_____

## CASANDRA RENEE BEAVER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 17100B**

## M E M O R A N D U M   O P I N I O N

Appellant, Casandra Renee Beaver, originally pleaded no contest to the offense of possession of between one and four grams of cocaine in a drug-free zone. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for seven years. The State later filed a motion to revoke community supervision and adjudicate Appellant's guilt. At a hearing on the motion, Appellant pleaded not true to the State's allegations. The trial court found several of the allegations to be true, revoked Appellant's community supervision, adjudicated her guilty of the charged offense, and assessed

her punishment at confinement for seven years. We modify the judgment and dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that, although there are mistakes in the written judgment, there are no arguable issues that would result in a reversal in this cause. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a form motion for pro se access to the appellate record. Counsel advised Appellant of her right to review the record and file a response to counsel's brief. Counsel also advised Appellant of her right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 48.4, 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant has filed a pro se response to counsel's *Anders* brief. She has also asked this court to allow her to complete a two-year rehab program. We have no authority to grant this request. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. The record from the adjudication hearing shows that the State presented testimony about the violations by Appellant of the terms and conditions of her community supervision as alleged in the State's motion to adjudicate. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation and to proceed with an adjudication of guilt. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

However, we note that counsel has requested that this court modify the trial court's judgment to reflect that she pleaded "not true" instead of "true" to the allegations in the State's motion to adjudicate and to delete language in the judgment that indicates Appellant waived her right of appeal. We agree that these modifications are warranted.[2]

Therefore, we modify the judgment of the trial court to reflect that Appellant pleaded "NOT TRUE" to the motion to adjudicate and to delete the following language from the second page of the judgment: "PLEA OF TRUE TO ALL

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

[2]We note that counsel has also asked that we modify the order placing Appellant on deferred adjudication so as to accurately reflect that her plea was "No Contest" instead of "Guilty." However, this is not an appeal from the order of deferred adjudication; it is an appeal from the subsequent judgment adjudicating Appellant's guilt.

ALLEGATIONS- AS PART OF THE PLEA BARGAIN REACHED IN THIS CASE, THE DEFENDANT WAIVED HIS/HER RIGHT OF APPEAL REGARDING THE MOTION TO REVOKE AND ADJUDICATE COMMUNITY SUPERVISION." Finding that the appeal is otherwise meritless, we grant counsel's motion to withdraw and dismiss the appeal.

PER CURIAM

April 19, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[3]

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.